IN THE UNITED STATES DISTRACT COURT

FOR THE DISTRICT OF SOUTH CAROINA

SPARTANBURG DIVISION

| | |
|---|---|
| Porfirio Deluna, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Marten Transport Ltd., Marten )<br>Transport Services, Ltd., )<br>and Darius Mizera; )<br>)<br>   Defendants. )<br>_____) | COMPLAINT<br>C/A No.: 7:10-744-RBH<br>**Jury Trial Requested** |

The Plaintiff, Porfirio Deluna, complaining of the Defendant, would show unto the Court:

1. That plaintiff is a citizen and resident of the County of Spartanburg, State of South Carolina.

2. The plaintiff is informed that defendants Martin Transport Ltd. and Marten Transport Services, Ltd are corporations organized and existing under the laws of the State of Wisconsin with their principal place(s) of business in Mondovi, Wisconsin.

3. Plaintiff is informed and believes that defendant Darius Mizera was at the time of this wreck an employee of defendant Marten Transport Ltd. or Marten Transport Services Ltd. and is a resident of the state of Florida.

4. The amount of controversy, exclusive of interest and costs, exceeds Seventy-five Thousand ($75,000.00) Dollars.

5. This Court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. Section 1332.

6. On or about April 21, 2007, at approximately 1:45 a.m., the Plaintiff was driving his 1990 GMC pick-up truck west on I-26 in Spartanburg County, South Carolina. Plaintiff was traveling at approximately 50 miles per hour in the right hand lane. Plaintiff's vehicle was traveling with the emergency signals flashing because of engine problems. There was very little traffic on the highway.

7. At the same time and place and on occasion herein in question, a vehicle being driven by an agent and employee of the corporate Defendants, driving too fast for conditions came behind plaintiff and suddenly and without warning struck the rear of Plaintiff's vehicle while traveling at approximately 75 mph, causing serious injuries and damages to plaintiff. The fast lane was open and defendant driver could have safely passed had he been paying any attention.

8. The individual defendant Darius Mizera was acting within the course and scope of his employment for the corporate defendant(s) at the time of the wreck and accordingly the corporate defendant(s) is vicariously liable for the negligence of defendant Mizera, its employee.

9. As a direct and proximate result of this collision, the Plaintiff has suffered and will continue to suffer physical and mental pain and

suffering, medical expenses and costs, permanent disability, loss of enjoyment of life, lost wages, a diminished earning capacity, as well as other related injuries and damages.

10. That as a direct and proximate result of the defendants' negligence, gross negligence, recklessness, willful, and wanton conduct, the plaintiff was seriously injured and has incurred and will incur in the future expenses for medical treatment, surgery, pharmaceuticals, hospital, nursing and related bills in an effort to be cured of said injuries and relieved of some pain and suffering caused by defendants.

11. The Defendants were willful, wanton, grossly negligent, negligent, careless, and reckless at the time and place mentioned above in the following particulars:

   a. In failing to keep and maintain a reasonably careful and proper lookout in his direction of travel;

   b. In failing to keep the vehicle he was operating under reasonable and proper control;

   c. In failing to yield the right-of-way;

   d. In travelling in excess of the posted speed limit of 70 mph. in violation of S.C. Code Ann. § 56-5-1520 (B) (1);

   e. In failing to properly pass plaintiff's vehicle in violation of S.C. Code § 56-5-1840;

f. In operating his vehicle while on a public highway at an unlawful and excessive rate of speed greater than was reasonable and prudent under the circumstances then and there existing;

g. In failing to decrease the speed of the defendant vehicle in order to avoid colliding with the 1990 Chevrolet pick-up truck which Plaintiff was driving;

h. In failing to properly apply brakes in a timely manner or at all;

i. In failing to use the degree of care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing;

j. In following the plaintiff's vehicle too closely in violation of S.C. Code § 56-5-1930;

k. In operating the defendant vehicle at a speed that was too fast for conditions in violation of S.C. Code § 56-5-1520;

l. In operating the truck with a willful and/or wanton disregard for the safety of plaintiff in violation of S.C. Code Ann. §56-5-2920;

m. In failing to pass the plaintiff's vehicle when such movement could have been done safely and would have avoided this wreck;

n. In operating a truck upon the highway that had brakes that failed to met the qualifications of S.C. Code § 56-5-4850 & 56-5-4860;

o. In operating a vehicle upon the highways with brakes that were not adequately maintained and adjusted in violation of S.C. Code Ann. § 56-5-4870;

p. In failing to use the horn to signal his proximity to plaintiff's vehicle in violation of S.C. Code Ann. § 56-5-4960;

q. In failing to follow the rules of the road;

r. In failing to take evasive action to avoid collision with plaintiff's vehicle;

s. In failing to give time and attention to the operation of his vehicle;

t. In failing to maintain his vehicle under proper control.

All of which were the direct and proximate causes of the injuries and damages suffered by the Plaintiff herein, said acts being in violation of the statutory and common laws of the State of South Carolina, as well as the Rules and Regulations of the South Carolina Department of Transportation and Department of Public Safety and Federal Agencies including but not limited to the U.S Department of Transportation.

12. As a direct and proximate result of the defendants' carelessness, recklessness and negligence, plaintiff Porfirio DeLuna, sustained serious and permanent injuries and has suffered and will continue to suffer great pain of body and mind and emotional distress.

13. Plaintiff is informed and believes that the acts of the Defendants' agent and employee set forth above resulted in Plaintiff's injuries and damages, and therefore Plaintiff is entitled to judgment against the Defendants for actual damages, plus such punitive damages based on defendants' grossly negligent, reckless, willful, and wanton conduct as may be awarded.

WHEREFORE, Plaintiff requests judgment against the defendant(s) for compensatory damages in the amount of EIGHT HUNDRED FIFTY THOUSAND DOLLARS ($850,000.00) and punitive damages in the amount of FOUR HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($425,000.00) and his costs expended. Plaintiff further requests that interest be awarded commencing on the date of said collision on any principal sum awarded until such sum is paid.

**A JURY TRIAL IS DEMANDED.**

James C. Spears Jr.
Federal Court I.D. No. 4249
Attorney for Plaintiff
Post Office Box 2746
Spartanburg, SC 29304
Phone: (864) 585-4777
Fax: (864) 948-0198
jim@jimspearslaw.net

March 22, 2010